UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------------------------X
MARIO RODRIGUEZ, individually and on behalf of all others similarly situated,

                              Plaintiff,

                    -against-

JR CITY PROPERTIES, LLC, 97 BLEECKER, LLC, 39 BLEECKER LLC, 37 PATERSON LLC, 355 DANFORTH LLC, 6 POPLAR LLC, 18 POPLAR, LLC, 563 CENTRAL, LLC, 222 VAN HORNE LIMITED LIABILITY COMPANY, 1700 BERGENLINE LLC, 228 HANCOCK LLC, JUDITH SCIARRA, AND ROBERT NICK,

                              Defendants.
---------------------------------------------------------------------------X

Civil Action No.

COMPLAINT

Plaintiff Mario Rodriguez ("Plaintiff"), by his attorneys, Katz Melinger PLLC, complaining of the defendants, JR City Properties, LLC ("JR City"), 97 Bleecker, LLC ("97 Bleecker"), 39 Bleecker LLC ("39 Bleecker"), 37 Paterson LLC ("37 Paterson"), 355 Danforth LLC ("355 Danforth"), 6 Poplar LLC, ("6 Poplar"), 18 Poplar, LLC ("18 Poplar"), 563 Central, LLC ("563 Central"), 222 Van Horne Limited Liability Company ("222 Van Horne"), 1700 Bergenline LLC ("1700 Bergenline"), 228 Hancock LLC ("228 Hancock"), Judith Sciarra ("Sciarra"), and Robert Nick ("Nick") (collectively, "Defendants"), respectfully alleges as follows:

### I. Nature of Action, Jurisdiction, and Venue

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a) *et seq.* ("NJWHL"), and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, *et seq.* ("NJWPL").

1

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under the NJWHL and the NJWPL, pursuant to 28 U.S.C. § 1367, in that the state law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the State of New Jersey.

6. At all relevant times, Plaintiff was employed by Defendants as defined by 29 U.S.C. § 203(e), N.J.S.A. 34:11-56a1(h), N.J.S.A. 34:11-4.1(b), and N.J.S.A. 34:19-2.

7. While employed with Defendants, Plaintiff was regularly engaged in interstate commerce and/or in the production of goods for commerce.

8. Defendant JR City is a domestic limited liability company with its principal place of business located at 6 Poplar St, Jersey City, New Jersey 07307.

9. Defendant 97 Bleecker is a limited liability company with its principal place of business located at 1130 Clifton Avenue, 1st Floor, Clifton, New Jersey 07013.

10. Defendant 39 Bleecker is a limited liability company with its principal place of business located at 6 Poplar St, Jersey City, New Jersey 07307.

11. Defendant 37 Paterson is a limited liability company with its principal place of business located at 6 Poplar St, Jersey City, New Jersey 07307.

12. Defendant 355 Danforth is a limited liability company with its principal place of business located at 46 Humbart St, Nutley, New Jersey 07111.

13. Defendant 6 Poplar is a limited liability company with its principal place of business located at 6 Poplar St, Jersey City, New Jersey 07307.

14. Defendant 18 Poplar is a limited liability company with its principal place of business located at 6 Poplar St, Jersey City, New Jersey 07307.

15. Defendant 563 Central is a limited liability company with its principal place of business located at 6 Poplar St, Jersey City, New Jersey 07307.

16. Defendant 222 Van Horne is a limited liability company with its principal place of business located at 6 Poplar St, Jersey City, New Jersey 07307.

17. Defendant 1700 Bergenline is a limited liability company with its principal place of business located at 6 Poplar St, Jersey City, New Jersey 07307.

18. Defendant 228 Hancock is a limited liability company with its principal place of business located 46 Humbart St, Nutley, New Jersey 07111.

19. Upon information and belief, Defendant JR City manages and operates various residential real estate buildings.

20. 97 Bleecker owns the residential apartment building located at 97-99 Bleecker St, Jersey City, New Jersey 07307; 39 Bleecker owns the residential apartment building located at 39 Bleecker St, Jersey City, New Jersey 07307; 37 Paterson owns the residential apartment building located at 37 Paterson St, Jersey City, New Jersey 07307; 355 Danforth owns the residential apartment building located at 355 Danforth Avenue, Jersey City, New Jersey 07305;

6 Poplar owns a residential apartment building located at 6 Poplar St, Jersey City, New Jersey 07307; 18 Poplar owns a residential apartment building at 18 Poplar St, Jersey City, New Jersey 07307; 563 Central owns a residential apartment building at 563 Central Avenue, Union City, New Jersey 07087; 222 Van Horne owns a residential apartment building at 222 Van Horne Street, Jersey City, New Jersey 07304 ; 1700 Bergenline owns a residential apartment building at 1700 Bergenline Avenue, Union City, New Jersey 07087; and 228 Hancock owns a residential apartment building at 228 Hancock Avenue, Jersey City, New Jersey 07307.

21. Defendant Sciarra is an individual residing, upon information and belief, in the State of New Jersey.

22. At all relevant times, Sciarra was, and still is, an officer, director, shareholder and/or person in control of all other defendants, who exercises significant control over the companies' operations and has the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

23. Defendant Nick is an individual residing, upon information and belief, in the State of New Jersey.

24. At all relevant times, Nick was, and still is, an officer, director, shareholder and/or person in control of all other defendants, who exercises significant control over the companies' operations and has the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

25. At all relevant times, Defendants were responsible for setting Plaintiff's schedule and day-to-day activities, and for supervising his performance.

26. At all relevant times, Defendants had the power to discipline and terminate Plaintiff.

27. At all relevant times, Defendants were responsible for compensating Plaintiff.

28. Defendants are joint employers who jointly managed, supervised, hired, fired, and controlled Plaintiff's compensation, and are jointly and severally liable in this matter.

29. At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA and the NJWHL.

30. Defendants are covered employers within the meaning of the FLSA and the NJWHL and, at all relevant times, employed Plaintiff.

31. Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of $500,000.00 per year.

32. Defendants operate in interstate commerce.

33. Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

34. The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

35. The FLSA Collective Plaintiff consist of no less than four (4) similarly situated current and former employees of Defendants, who work or worked in excess of forty (40) hours per week and are victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime compensation.

36. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable overtime rates for all hours worked in excess of forty (40) per week.

37. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

38. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiffs and the FLSA Collective Plaintiffs.

39. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### III. Factual Allegations

40. Plaintiff was employed by Defendants as a handyman from in or around August 2017 until on or around March 1, 2018, when he was made a handyman and superintendent, until his employment was terminated on or around October 31, 2019.

41. As a handyman, Plaintiff's principal job duties included repairing apartments, painting, plastering, demolition, plumbing, and repairing minor issues with plumbing and electricity in approximately eighteen (18) apartment buildings in the New Jersey area, including but not limited to 6 Poplar St, Jersey City, New Jersey 07307; 18 Poplar St, Jersey City, New Jersey 07307; 563 Central Avenue, Union City, New Jersey 07087; 222 Van Horne Street, Jersey

City, New Jersey 07304; 1700 Bergenline Avenue, Union City, New Jersey 07087; 355 Danforth Avenue, Jersey City, New Jersey 07305; and 228 Hancock Avenue, Jersey City, New Jersey 07307.

42. In addition to his handyman duties, as a superintendent, Plaintiff's principal job duties included taking out the garbage, sweeping and mopping inside and outside of the buildings, removing snow from the buildings, cutting grass, and responding to tenant complaints and emergencies in any of the buildings where Plaintiff was assigned to work as a superintendent.

43. Plaintiff performed his superintendent duties at three (3) apartment buildings located at 97-99 Bleecker St, Jersey City, New Jersey 07307; 39 Bleecker St, Jersey City, New Jersey 07307; and 37 Paterson St, Jersey City, New Jersey 07307.

44. From in or around August 2017 until on or around October 31, 2019, Plaintiff regularly worked Mondays through Saturdays from approximately 8:00 a.m. until approximately 5:00 p.m., with an hour daily meal break, for a total of approximately forty-eight (48) hours worked per week.

45. From in or around March 2018 until on or around October 31, 2019, in addition to the aforementioned work hours, Plaintiff worked an additional three (3) hours per week, for a total of approximately fifty-one (51) hours worked per week.

46. Defendants neither tracked the hours Plaintiff worked nor required Plaintiff to record his time.

47. From in or around August 2017 until in or around February 2018, Defendants paid Plaintiff at an hourly rate of $17.00 per hour for all hours worked per week.

48. From in or around March 2018 until in or around December 2018, Defendants paid Plaintiff at an hourly rate of $17.00 per hour for all hours worked and additionally provided

Plaintiff an $864.00 per month credit on the rent for the apartment provided to Plaintiff by Defendants.

49. From in around January 2019 until on or around October 31, 2019, Defendants paid Plaintiff at an hourly rate of $19.00 per hour for all hours worked and additionally provided Plaintiff an $864.00 per month credit on the rent for the apartment provided to Plaintiff by Defendants.

50. In or around March 2018, Defendants provided Plaintiff with an apartment located at 97 Bleecker St, Jersey City, New Jersey 07307 (the "Apartment").

51. In or around March 2018, Defendants agreed to provide Plaintiff with a credit of $1,025.00 per month on rent for the Apartment as part of his compensation as an employee of Defendants.

52. However, from in or around March 2018 until on or around October 31, 2019, Defendants only provided Plaintiff with an $864.00 per month credit on rent for the Apartment, and failed to provide Plaintiff with the remaining $161.00 per month credit on rent for the Apartment.

53. Throughout his employment with Defendants, Plaintiff was a non-exempt employee pursuant to the FLSA and NJWHL and was entitled to receive overtime compensation for all hours worked in excess of forty (40) per week.

54. Despite routinely working more than forty (40) hours per week, Plaintiff was not paid overtime compensation of one and one-half (1.5) times his regular hourly rate of pay for the hours he worked over forty (40) per week.

55. Instead Defendants compensated Plaintiff at the same hourly rate of pay for all hours worked per week, including all hours worked in excess of forty (40) per week.

56. Defendants knew or should have known that their failure to pay Plaintiff overtime wages was a violation of the FLSA and NJWHL and/or Defendants acted in reckless disregard of the federal and state wage and hour laws.

57. Defendants' refusal to pay Plaintiff all wages owed to him is an intentional and willful violation of federal and state wage and hour laws.

58. Defendants violated federal and state law by willfully failing to pay Plaintiff overtime compensation and other wages owed to Plaintiff.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVUDALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
(*Overtime Violations under the FLSA*)

59. Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

60. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rate of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

61. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

62. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rate of pay or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours in a week.

63. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective

Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

64. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages equal to one hundred percent (100%) of the total overtime wages due to them.

65. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION
*(Overtime Violations under the New Jersey Wage and Hour Law)*

66. Plaintiff repeats and realleges all prior allegations set forth above.

67. Pursuant to the applicable provisions of N.J.S.A. 34:11-56a(4), Plaintiff was entitled to overtime wages of one and one-half (1.5) times his regular hourly rate of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

68. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

69. However, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times his regular hourly rate of pay or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) per week.

70. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with reasonable attorneys' fees, interest, and costs.

71. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages in an amount equal to two hundred percent (200%) of his unpaid overtime wages.

72. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, interest, costs, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION
*(Failure to Timely Pay Wages in Violation of New Jersey Wage Payment Law)*

73. Plaintiff repeats and realleges all prior allegations.

74. At all relevant times, Defendants failed to pay Plaintiff the full amount of wages due to him, including overtime wages, at least twice during each calendar month, on regular paydays designated in advance, in violation of N.J.S.A. 34:11-4.2.

75. Defendants failed to pay Plaintiff all wages due to him, including overtime wages, not later than the regular payday for the pay period in which he was terminated, in violation of N.J.S.A. 34:11-4.3.

76. In or around March 2018, Defendants agreed to provide Plaintiff with a credit of $1,025.00 per month on rent for the Apartment as part of his compensation as an employee of Defendants.

77. However, from in or around March 2018 until on or around October 31, 2019, Defendants only provided Plaintiff with an $864.00 per month credit on rent for the Apartment, and failed to provide Plaintiff with the remaining $161.00 per month credit on rent for the Apartment.

78. As a result of Defendants' violations of the law and failure to pay Plaintiff all wages due in a timely manner, Plaintiff has been damaged and is entitled to recover from Defendants all unpaid wages, along with interest and costs.

79. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages in an amount equal to two hundred percent (200%) of his unpaid wages.

80. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of his unpaid wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE** Plaintiff prays for relief as follows:

a) on the First Cause of Action on behalf of Plaintiff and the FLSA Collective Plaintiffs for all overtime wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

a) on the Second Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Third Cause of Action for all unpaid wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) interest;

d) costs and disbursements; and

e) such other and further relief as is just and proper.

Dated: New York, New York
February 15, 2021

*/s/ Katherine Morales*
Katherine Morales
KATZ MELINGER PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
t: (212) 460-0047
f: (212) 428-6811
kymorales@katzmelinger.com
*Attorneys for Plaintiff*