EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------------X
MARIO RODRIGUEZ, individually and on behalf of all others similarly situated,

                      Plaintiff,

-against-

JR CITY PROPERTIES, LLC, 97 BLEECKER, LLC, 39 BLEECKER LLC, 37 PATERSON LLC, 355 DANFORTH LLC, 6 POPLAR LLC, 18 POPLAR, LLC, 563 CENTRAL, LLC, 222 VAN HORNE LIMITED LIABILITY COMPANY, 1700 BERGENLINE LLC, 228 HANCOCK LLC, JUDITH SCIARRA, AND ROBERT NICK,

                      Defendants.
-------------------------------------------------------------------------X

Civil Action No.
2:21-cv-02562

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between plaintiff, Mario Rodriguez ("Rodriguez" or "Plaintiff"), on the one hand, and defendants, JR City Properties, LLC, 97 Bleecker, LLC, 39 Bleecker LLC, 37 Paterson LLC, 355 Danforth LLC, 6 Poplar LLC, 18 Poplar, LLC, 563 Central, LLC, 222 Van Horne Limited Liability Company, 1700 Bergenline LLC, 228 Hancock LLC, Judith Sciarra, and Robert Nick (collectively, "Defendants" and, together with Plaintiff, the "Parties"), on the other hand:

**WHEREAS**, on February 15, 2021, Plaintiff commenced an action against Defendants entitled *Rodriguez v. JR City Properties, LLC, et al.*, 2:21-cv-02562-MCA-MAH, in the United States District Court for the District of New Jersey (the "Action");

**WHEREAS**, Defendants deny all material allegations in the Action;

**WHEREAS**, the Parties desire to resolve the Action and to settle all claims raised in or by the Action, without further litigation or adjudication;

**NOW, THEREFORE, IT IS HEREBY AGREED**, by and between Plaintiff and Defendants, as follows:

1. **No Admission of Liability.** Defendants, as a part of this Agreement, do not admit any violation of law or any liability to Plaintiff as a result of or arising out of the matters set forth in the Action.

2. **Dismissal of Pending Action.** Plaintiff agrees that, upon the timely delivery and clearance of the Settlement Payment to Plaintiff, Plaintiff, through his attorneys, shall execute and deliver to Defendants a Stipulation of Discontinuance with Prejudice of the Action, in the form annexed hereto as **Exhibit A**, with each party bearing its own fees and costs. Upon receipt, Defendants shall execute the Stipulation of Discontinuance with Prejudice, and send a copy of the fully-executed Stipulation of Discontinuance with Prejudice to Plaintiff's counsel, who shall file the Stipulation of Discontinuance with Prejudice with the United States District Court, District of New Jersey without further notice.

3. **Court Approval.** This Agreement is subject to the approval of the Court. If the Court does not approve this Agreement, then the parties agree to engage in good faith negotiations and make best efforts to modify this Agreement in order to obtain the Court's approval. Should the Court fail to approve this Agreement after the Parties' good faith efforts to modify its terms, then this Agreement shall be null and void and shall have no further effect. The Parties acknowledge that the Court has entered an Order administratively terminating the Action and allowing the parties until September 24, 2021 to (1) consummate this Agreement or (2) request that this Action be reopened (the "Order"). In the event the Settlement Payment is not delivered to Plaintiff and cleared by Plaintiff's bank on or before September 24, 2021, the Parties shall jointly request an extension of the Order to a date not

less than thirty (30) days after the date on which Defendants deliver the Settlement Payment to Plaintiff.

4. **Consideration**. Defendants agree to pay Plaintiff the total sum of Fifteen Thousand Dollars ($15,000.00) (the "Settlement Payment"), which shall be allocated as follows:

   a. One check made payable to Mario Rodriguez in the amount of Five Thousand Dollars ($5,000.00), less applicable taxes and withholdings, which shall be reported by Defendants on an IRS Form W-2 as and for unpaid wages; and

   b. One check made payable to Mario Rodriguez in the amount of Five Thousand Dollars ($5,000.00), from which no withholdings shall be taken, which shall be reported by Defendants on an IRS Form 1099 as and for liquidated damages.

   c. One check made payable to Katz Melinger PLLC in the amount of Five Thousand Dollars ($5,000.00), from which no withholdings shall be taken, which shall be reported by Defendants on an IRS Form 1099, representing costs and disbursements in the amount of Two Thousand Three Hundred Ten Dollars and 16/100 Cents ($2,310.16) and attorneys' fees in the amount of Two Thousand Six Hundred Eighty-Nine Dollars and 84/100 Cents ($2,689.84).

   d. Plaintiff shall provide Defendants' counsel with IRS Forms W-4 and W-9 and Plaintiff's counsel shall provide Defendants' counsel with IRS form W-9 (the "Tax Forms"). Defendants shall issue a wage statement to Plaintiff corresponding to the portion of the Settlement Payment that is subject to

      payroll taxes and other deductions.

5. **Timing of Settlement Payment; Escrow.** Defendants have delivered the Settlement Payment to counsel for Defendants, Law Offices of Jonah B. Kimmelstiel, LLC, IOLTA Account, who shall hold the Settlement Payment in escrow and not distribute the Settlement Payment unless and until the Court issues an Order approving this Agreement. Within five (5) business days of the Court's approval of this Agreement or of the date Plaintiff delivers the Tax Forms to Defendants' counsel, whichever comes later, counsel for Defendants, Law Offices of Jonah B. Kimmelstiel, LLC, shall deliver the Settlement Payment to Plaintiff's counsel, Katz Melinger PLLC, via federal express or other overnight carrier to the following address: 280 Madison Avenue, Suite 600, New York, New York 10016.

6. **Default:** Should Defendants fail to timely deliver the Settlement Payment to Plaintiff as described herein ("Default"), then counsel for Plaintiff shall notify Defendants, through Defendants' counsel, of the Default in writing ("Notice of Default"). The Notice of Default shall be delivered to Defendants via their counsel Jonah B. Kimmelstiel, Esq. via email at jbk@jbklawoffices.com and via USPS First Class mail to Law Offices of Jonah B. Kimmelstiel, LLC, Attn. Jonah B. Kimmelstiel, Esq., 2 University Plaza, Suite 101 Hackensack, NJ 07601. Delivery of the Notice of Default by either email or USPS First Class Mail shall constitute receipt of the Notice of Default by Defendants. Defendants expressly acknowledge and agree that Defendants' failure to timely cure the Default within five (5) days of receipt of the Notice of Default shall constitute a material breach of this Agreement ("Breach"). In the event of a Breach, the Parties agree that Plaintiff may immediately bring suit against Defendants for breach of this Settlement Agreement,

without further notice, and shall be entitled to recover from Defendants, in addition to the unpaid portions of the Settlement Payment and statutory interest thereon, all reasonable attorneys' fees and costs incurred by Plaintiff which result from Plaintiff or his counsel's efforts to enforce this Agreement. Such fees and costs shall begin to accrue as of the date that the Notice of Default is delivered to Defendants.

7. **Indemnification.** Plaintiff agrees to indemnify and hold Defendants harmless against any and all tax liabilities, claims, damages, and costs, including reasonable attorneys' fees, that Defendants may incur as a result of Plaintiff's failure to pay any taxes on the Settlement Payment. Plaintiff shall bear no responsibility for or in connection with Defendants' failure to make any employers' contributions to payroll taxes related to the Settlement Payment.

8. **Release by Plaintiff.** In consideration of the promises and actions of Defendants set out in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, except for the Defendants' obligations under this Agreement, Plaintiff hereby waives, releases, satisfies, and discharges, on his own behalf and on behalf of anyone who could claim by and through him, Defendants, their successors and heirs, and all of their past, present, and future representatives, agents, or attorneys, of and from any and all claims for damages, salaries, wages, compensation, statutory damages, overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated, and other damages, interest, attorneys' fees, and costs, for any claim brought, or that could have been brought, under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a) *et seq.*, the New Jersey Wage Payment Act, N.J.S.A. 34:11-4.1, *et*

*seq.*, and/or any local, state, or federal wage statute, code, or ordinance relating to the wage and hour claims asserted in the Action or any other claims that Plaintiff may have or could have against Defendants up to and including the date Plaintiff signs this Agreement (collectively referred to herein as the "Disputes").

It is expressly agreed and acknowledged that Plaintiff is not releasing Defendants from, any claims, obligations, debts, liabilities, demands, or causes of action of any kind whatsoever arising under any federal, state or local statute or regulation other than those concerning the Disputes that Plaintiff may or may not have against Defendants, including Plaintiff's rights to enforce the terms of this Agreement. It is further expressly agreed and acknowledged that the Disputes do not include, and Plaintiff is therefore not releasing, any claims or rights which as a matter of law cannot lawfully be waived or released.

9. **Release by Defendants.** Defendants knowingly and voluntarily release and forever discharge, to the fullest extent permitted by law, except for Plaintiff's obligations under this Agreement, Plaintiff, his successors and heirs, and all of his past, present, and future representatives, agents, or attorneys, of and from any and all claims, known or unknown, which Defendants have or may have against Plaintiff up to and including the date Plaintiff signs this Agreement, including, but not limited to, any alleged violation of any federal, state, local or other law, rule, regulation, constitution, code, guideline or ordinance, any public policy, contract, tort law or common law, or any statute, common law, agreement, or other basis for seeking or recovering any award of costs, fees, or other expenses, including but not limited to attorneys' fees and/or costs.

10. **Neutral References.** Defendants agree that, in response to any reference request concerning Plaintiff, Defendants shall only provide Plaintiff's dates of employment and

job title from his employment with Defendants, and shall provide no further information concerning Plaintiff's employment with Defendants.

11. **Governing Law.** This Agreement is to be construed and governed under the laws of the State of New Jersey, without regard to its choice of law considerations, and shall bind the Parties and their respective heirs, estates, successors, and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding. Plaintiff acknowledges that he has not previously transferred, assigned, or conveyed any right or claim released in this Agreement.

12. **Severability.** Should any part of this Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of the Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of the Agreement.

13. **Attorneys' Fees and Costs.** It is further agreed that each party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement and in connection with the Action, except as otherwise specifically enumerated above.

14. **Voluntary Settlement**. Plaintiff hereby represents and warrants that he has entered into this Agreement of his own free will and accord.

15. **Venue**. The Parties hereto acknowledge that this Agreement is enforceable only in the federal and state courts of New Jersey. Plaintiff and Defendants hereby waive any pleas of improper jurisdiction or venue in the United States District Court for the District of New Jersey, and hereby specifically authorize any action brought upon the enforcement of this

Agreement to be commenced or filed in any court or agency of proper jurisdiction in the State of New Jersey.

16. **No Other Representations or Agreements**. Each Party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

17. **No Modification Except In Writing**. This Agreement cannot be modified or changed except by a writing, signed by the Parties, with specific reference to this Agreement.

18. **Execution In Counterparts.** This Agreement may be executed in counterparts by each Party, and each executed Agreement, when taken together, shall constitute a complete Agreement. A copy of a signature shall suffice as an original.

19. **Number.** The use of the singular form of any word herein includes the plural and vice versa.

20. **Plaintiff understands, represents, and agrees that he:**
    a. Has carefully read and fully understood all of the provisions of this Agreement;
    b. Is, through this Agreement, releasing Defendants from any and all wage and hour claims that Plaintiff may have against Defendants relating to Plaintiff's employment with Defendants, or Plaintiff's separation from employment with Defendants;
    c. Knowingly and voluntarily agrees to all of the terms set forth in this

Agreement;

d. Knowingly and voluntarily intends to be legally bound by this Agreement;
e. Was advised to consider the terms of this Agreement with counsel, and has consulted with counsel prior to executing this Agreement; and
f. Is duly authorized and has full authority to execute this Agreement.

Acknowledged and agreed:

**BY PLAINTIFF:**

Dated: 9-24-2021

_____
Mario Rodriguez

**BY DEFENDANTS:**

Dated: _____

JR CITY PROPERTIES, LLC

_____
By:
Title:

Dated: _____

97 BLEECKER, LLC

_____
By:
Title:

Dated: _____

37 PATERSON LLC

_____
By:
Title:

Dated: _____

355 DANFORTH LLC

_____
By:
Title:

Agreement;

d. Knowingly and voluntarily intends to be legally bound by this Agreement;

e. Was advised to consider the terms of this Agreement with counsel, and has consulted with counsel prior to executing this Agreement; and

f. Is duly authorized and has full authority to execute this Agreement.

Acknowledged and agreed:

**BY PLAINTIFF:**

Dated: _____

_____
Mario Rodriguez

**BY DEFENDANTS:**

Dated: 9/27/2021

By: *Judith Sciarra*
Title: Member

JR CITY PROPERTIES, LLC

Dated: 9/27/2021

By: *Judith Sciarra*
Title: Member

37 PATERSON LLC

Dated: 9/27/2021

By: *Judith Sciarra*
Title: Member

97 BLEECKER, LLC

Dated: 9/27/2021

By: *Judith Sciarra*
Title: Member

355 DANFORTH LLC

Dated: 9/27/2021

39 BLEECKER LLC

By: Judith Sciarra
Title: Member

Dated: 9/27/2021

18 POPLAR, LLC

By: Judith Sciarra
Title: Member

Dated: 9/27/2021

563 CENTRAL, LLC

By: Judith Sciarra
Title: Member

Dated: 9/27/2021

222 VAN HORNE LIMITED LIABILITY COMPANY

By: Judith Sciarra
Title: Member

Dated: 9/27/2021

6 POPLAR LLC

By: Judith Sciarra
Title: Member

Dated: 9/27/2021

228 HANCOCK LLC

By: Judith Sciarra
Title: Member

Dated: 9/27/2021

Judith Sciarra

Dated: 9/27/2021

Robert Nick

Dated: 9/27/2021

1700 BERGENLINE LLC

By: Judith Sciarra
Title: Member

Dated: 9/27/2021

Law Offices of Jonah B. Kimmelstiel, LLC, with respect to Paragraph 5 only

By:
Title:

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------------X
MARIO RODRIGUEZ, individually and on behalf of all others similarly situated,

       Plaintiff,

-against-

JR CITY PROPERTIES, LLC, 97 BLEECKER, LLC, 39 BLEECKER LLC, 37 PATERSON LLC, 355 DANFORTH LLC, 6 POPLAR LLC, 18 POPLAR, LLC, 563 CENTRAL, LLC, 222 VAN HORNE LIMITED LIABILITY COMPANY, 1700 BERGENLINE LLC, 228 HANCOCK LLC, JUDITH SCIARRA, AND ROBERT NICK,

       Defendants.
-----------------------------------------------------------------------X

Civil Action No.
2:21-cv-02562

## STIPULATION AND ORDER OF DISCONTINUANCE WITH PREJUDICE

**WHEREAS,** on February 15, 2021, Plaintiff filed a Complaint, which asserts claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); the New Jersey Wage and Hour Law ("NJWHL"); and the New Jersey Wage Payment Act ("NJWPA");

**WHEREAS,** the parties reached a settlement of this action and Plaintiff's claims through arms' length negotiations and have entered into a Settlement Agreement and Release, filed on the Court's docket (the "Agreement"), formally memorializing the parties' settlement;

**WHEREAS,** the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of, *inter alia*, a bona fide dispute over a provision or provisions of the FLSA, NJWHL, NJWPA, and/or time worked; and

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel for the parties, and ordered by this Court, that this action be and hereby is dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil

Procedure. A copy of the signatures on this Stipulation serve the same purposes as an original signature.

Dated: New York, New York

    \_\_\_ day of _____, 2021

| KATZ MELINGER PLLC | LAW OFFICES OF JONAH B. KIMMELSTIEL, LLC |
|---|---|
| By: _____<br>Katherine Morales, Esq.<br>280 Madison Avenue, Suite 600<br>New York, New York 10016<br>T: (212) 460-0047<br>F: (212) 428-6811<br>kymorales@katzmelinger.com<br>*Attorneys for Plaintiff* | By: _____<br>Jonah B. Kimmelstiel, Esq.<br>2 University Plaza, Suite 101<br>Hackensack, NJ 07601<br>T: (201) 881-0600<br>F: (201) 881-0601<br>jbk@jbklawoffices.com<br>*Attorneys for Defendants* |

So Ordered:

_____